IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.  Case No. 1:20CV192 ACL ) |
| FIRST MIDWEST BANK OF POPLAR BLUFF and DENNIS YOUNG, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff The Hanover Insurance Company's ("Hanover") "Objection to Defendant First Midwest Bank of Poplar Bluff's Notice of Intent to Serve Subpoena" upon Harding Enterprises, LLC, Greggory Harding, and Andrea Dawn Harding.  (Doc. 64.)  Hanover states that the subpoenas directed to Greggory Harding and Andrea Dawn Harding request confidential information surrounding the settlement agreement entered into by and between Hanover and Harding Enterprises, LLC, Greggory Harding, and Andrea Dawn Harding.  Hanover objects to First Midwest Bank of Poplar Bluff's ("First Midwest") issuance of the subpoenas upon nonparties Harding Enterprises, LLC, Greggory Harding, and Andrea Dawn Harding, and states that the subpoenas shall not be issued or served unless ordered by the Court.

First Midwest has not responded to Hanover's Objection.

This Court's Local Rule 3.04(A) provides with respect to motions concerning discovery and disclosure:

1

>The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

Local Rule 3.04(A).

Hanover's "Objection" does not contain a certification that Hanover's counsel in good faith conferred or attempted to confer with First Midwest's counsel concerning the subpoenas. As a result, to the extent Hanover requests that the Court quash the subpoenas directed to the third parties, the request will be denied for failure to comply with Local Rule 3.04(A).

Accordingly,

 **IS HEREBY ORDERED** that The Hanover Insurance Company's "Objection to Defendant First Midwest Bank of Poplar Bluff's Notice of Intent to Serve Subpoena" (Doc. 64) is **denied**.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of June, 2022.